IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES TED HERRING, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-00512-ECM-CWB |
| | ) | |
| **ROSALYN M. HOOPER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are two motions to dismiss: one filed on behalf of Rosalyn M. Hooper and Early County, Georgia (Doc. 46); and one filed on behalf of LifeBrite Hospital Group of Early, LLC[1] and Jerry Temples (Doc. 47). Chief United States District Judge Emily C. Marks previously referred this case to the undersigned Magistrate Judge for all pretrial proceedings and entry of orders or recommendations as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. 4). For the reasons set forth below, the undersigned recommends that the case be dismissed.

**I.   Procedural Background**

On July 22, 2020, Plaintiff Charles Ted Herring filed a *pro se* complaint against Defendants Rosalyn M. Hooper, Early County, Georgia, LifeBrite Hospital Group of Early, LLC, and the State of Georgia, alleging claims under the First, Fifth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, as well as claims under 18 U.S.C. §§ 241 and 242. (Doc. 1, at 2-3). The original complaint set out the following factual averments:

---

[1] It appears that LifeBrite Hospital Group of Early, LLC was incorrectly named in the second amended complaint as "LifeBright Community Hospital and/or Nursing Home." (Doc. 47, at 1).

>Plaintiff's mother Sandra Ann Stokes was a resident of Lifebright Nu[rs]ing Home in Blakely, Early County[,] Georgia. Plaintiff Charles Ted Herring complained about the quality of care Sandra Ann Stokes was being given. Plaintiff complained, complained and Plaintiff's Facebook page[.] Jerry Temples[,] an [adminis]trator at Lifebright banned Plaintiff from visiting Sandra Ann Stokes, Plaintiff's mother. Plaintiff begged for help for his mother and Early County Magistrate silenced Plaintiff Charles Ted Herring. Five and [a] half months later[,] Lifebright intentionally mistreated Plaintiff[']s mother to the state of death[.] Plaintiff won legal battle [sic] to gain custody of Sandra Ann Stokes, with hospice in tow. Today[,] June 22, 2020[,] Ms. Sandra Ann Stokes is alive and well. Plaintiff was correct in his complaints for his mother's well[-]being[.] She was days from death when Plaintiff gained custody 12/18/2018. Rosalyn M. Hooper, Early Community Hospital and/or Nursing Home violated Plaintiff's constitutional rights.

(*Id*. at 4).

After the named defendants filed motions to dismiss (Docs. 9, 14 & 19), Plaintiff Herring sought leave to amend the complaint (Doc. 25). The court granted leave to amend and afforded Plaintiff Herring until February 23, 2021 to do so. (Doc. 27). On February 22, 2021, Plaintiff Herring filed an amended complaint that named Jerry Temples and "X, Y, Z" as additional defendants and included new claims for (1) "deprivation of rights under color of law," (2) "deprivation of due process rights under color of law," (3) "Fourteenth Amend[me]nt rights violation under Section 241, substantive due process rights," and (4) "violation of the Fourteenth Amendment of the U.S. Constitution, family fundamental rights." (Doc. 28 at 1-7). All claims related to medical care received by Plaintiff Herring's mother—Sandra Ann Stokes—while at "Lifebright Community Hospital and/or Nursing Home." The amended complaint was signed *pro se* by Plaintiff Herring in his individual capacity and also in a purported capacity as guardian for Sandra Ann Stokes. (*Id*. a 11).[2]

---

[2] On September 28, 2021, the court granted Plaintiff Herring's motion to include his mother, Sandra Ann Stokes, as a co-plaintiff. (Doc. 41).

2

The named defendants subsequently filed motions to dismiss as to the amended complaint. (Docs. 33, 34, & 36).  The court dismissed the amended complaint as an improper shotgun pleading and gave Plaintiff Herring until October 15, 2021 to file a second amended complaint in compliance with Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure.  (*Id*. at 1, 9-10). The court specifically instructed Plaintiff Herring that the new amended complaint must: (1) address the shortcomings of the first amended complaint as noted in the court's order; (2) provide a short and plain statement of the grounds for the court's jurisdiction; (3) comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure by setting forth, with clarity, short and plain statements showing an entitlement to relief; (4) plead with particularity factual allegations that satisfy the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure; (5) include a factual background section that clearly and concisely sets forth specific factual allegations in support of each claim; (6) state claims in conformity with Rule 10(b) of the Federal Rules of Civil Procedure; (7) identify the specific factual allegations and acts by the specific defendant(s) supporting each cause of action within each count of the amended complaint, "as the court [would] not refer to earlier-filed version of the complaint;" (8) clearly specify which defendant is responsible for the alleged unlawful acts referenced within the amended complaint; (9) clearly indicate the specific defendant or defendants against whom each cause of action is asserted and fully identify each defendant's role with regard to any alleged cause of action; (10) clearly identify by specific reference the applicable federal, state, or local law or laws within each cause of action and the specific defendant(s) against whom each cause of action is asserted; and (11) exclude all generalized and immaterial facts, statements, and allegations not specifically related to the claims for relief.  (*Id*. at 10-11) (emphasis in original).

Plaintiff Herring thereafter filed a second amended complaint on November 15, 2021 (Doc. 45), which purported to add as defendants Lamar Brand, M.D. and John C. Strunk, M.D. (*Id*. at 1).  In its entirety, the second amended complaint asserted the following allegations:

1.) Plaintiff Stokes alleges that she was diagnosed with Alzheimer's by Dr. John C. Strunk, MD. while she was a patient at the "BMU" at John D. Archbald Memorial Hospital in Thomasville, Georgia. Plaintiff Stokes alleges Dr. Brand was also responsible for prescribing her Haldol. Plaintiff Stokes alleges that after taking Haldol, her condition became progressively worse.

2.) Doctor Lamar Brand was assigned to provide care and treatment to plaintiff's "Stokes" while she was a patient at "LifeBrite Community Hospital located in Blakley, GA.

3.) Stokes was admitted into "LifeBrite" after being diagnosed with Dementia which caused her to be rendered totally incapacitated and dependent upon the Medial care of "LifeBrite" and its staff. It's alleged that while under the care and custody of "LifeBrite" and Dr. Strunk plaintiff Stokes was denied effective medical treatment and administered Haldol. (see attachments) which caused her medical condition to deteriorate and she's suffered irreversible harm to her over-all mental and physical health.

4.) Plaintiff alleges that pursuant to a "Black Box" (label) warning - Haldol should never have been prescribed and/or administered to Stokes because of its dangerous potential side effects in patients who suffer from Alzheimer's.

5.) Plaintiff alleges that being forced to take Haldol (especially over such an extended period time) her mental and physical condition was made much worse. Plaintiff suffered massive weight loss, severe anxiety, depression and manic episodes, hallucinations and was reduced to a helpless and vegetative state of being.

6.) Plaintiff Stokes further alleges that Dr. Strunk and Dr. Brand was negligent and breached the standard of care owed to plaintiff because plaintiff's over-all health was caused to deteriorate due to her being prescribed and administered Haldol.

(*Id*. at 2-3).  In response to the second amended complaint, Defendants Rosaly M. Hooper, Early County, Georgia, LifeBrite Hospital Group of Early, LLC, and Jerry Temples again filed motions to dismiss.  (Docs. 46 & 47).

## II. Legal Standard

A motion to dismiss that invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether a plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007). The standard for a motion to dismiss under Rule 12(b)(6) was further refined in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

556 U.S. at 678–79 (citations and internal edits omitted).

The *Twombly-Iqbal* analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory. *Id.* at 680; *Mamani v. Berzain,* 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal,* we begin by identifying conclusory allegations in the Complaint."). After conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the Court to assume the veracity of well-pleaded factual allegations and then determine whether they "possess enough heft to set forth 'a plausible entitlement to relief.'" *Mack v. City of High Springs,* 486 F. App'x 3, 6 (11th Cir. 2012) (citation omitted.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' … that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). Establishing facial plausibility, however, requires more than stating facts that establish a mere possibility of actionable conduct. *Mamani,* 654 F. 3d at 1156 ("The possibility that – *if* even a possibility has been alleged effectively – these defendants acted unlawfully is not enough for a plausible claim.") (emphasis in original). Plaintiffs instead are required to "allege more by way of factual content to nudge [their] claim[s] … across the line from conceivable to plausible." *Iqbal,* 556 U.S. at 683 (internal editing and citation omitted.).

While *pro se* complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "that does not give 'a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Woodroffe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x 553, 554 (11th Cir. 2019) (citation omitted). Stated differently, although an unrepresented plaintiff "is entitled to some leeway as a *pro se* litigant," he "is not exempt from the requirements of procedural rules." *Blanco GmbH+Co. KG v. Vlanco Indus., LLC*, 642 F. App'x 934, 936 (11th Cir. 2016).

**III.   Analysis**

    **A.   Claims asserted on behalf of Sandra Ann Stokes**

As a threshold matter, the court observes that the second amended complaint is signed by Plaintiff Herring in part as "guardian" for Sandra Ann Stokes. (Doc. 45 at 4). Although individual parties in federal court "may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, "[t]he right to appear *pro se ...* is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (citation omitted); *Martino v. Campbell*, No. 8:21-CV-1636, 2021 WL 5923047, at *5 (M.D. Fla. Sept. 17, 2021), *report and recommendation adopted*,

No. 8:21-CV-1636, 2021 WL 5049928 (M.D. Fla. Nov. 1, 2021) ("Insofar as Petitioner seeks to proceed *pro se* to assert claims on behalf of her [incapacitated] father, Mr. Martino, Petitioner is unable to do so. The law of this circuit prohibits non-attorneys from proceeding *pro se* in an action brought on behalf of another."); *Conner v. Pennsylvania Nat. Mut. Cas.*, No. 07-14301-CIV, 2008 WL 2944662, at *1 (S.D. Fla. July 31, 2008) ("Pursuant to the case law of this Circuit, Plaintiff is not permitted to act as legal counsel for his incapacitated son … ."); *Binns v. Comm'r of Soc. Sec.*, No. 1:11-CV-1984, 2011 WL 13319166, at *3 (N.D. Ga. June 29, 2011), *report and recommendation adopted*, No. 1:11-CV-1984, 2011 WL 13319176 (N.D. Ga. Aug. 1, 2011) ("[A] guardian may not appear *pro se* in a case in federal court involving her ward").  Plaintiff Herring therefore may not bring a claim on behalf of Sandra Ann Stokes, and all attempts to do so should be dismissed as a nullity.  *Wint by & through Wint v. Fla. Palm Beach Sheriff*, 842 F. App'x 468, 471 (11th Cir.), *cert. denied sub nom. Wint By & Through Wint v. Bradshaw*, 141 S. Ct. 2578 (2021) ("Ordinarily, if a party is represented by a non-attorney, a court may dismiss without prejudice."); *Last Minute Cuts, LLC v. Biddle*, No. 18-2631, 2019 WL 6222280, at *2 (W.D. Tenn. Oct. 18, 2019), *report and recommendation adopted*, No. 218CV02631, 2019 WL 6219544 (W.D. Tenn. Nov. 21, 2019) ("The appropriate response for a court presented with claims brought by a *pro se* litigant on behalf of some other person is generally to dismiss the claims without prejudice.") (citing *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014)).

    **B.**    **No claims have been asserted on behalf of Plaintiff Herring**

The second amended complaint only purports to assert a single claim for medical malpractice on behalf of Sandra Ann Stokes.  Nowhere in the second amended complaint does Plaintiff Herring assert any allegations that pertain individually to him.  Because "[a]n amended pleading supersedes the former pleading," Plaintiff Herring cannot rely on any allegations that

7

might have been made in earlier versions of the complaint. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210. 1215 (11th Cir. 2006) ("'[T]he original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (citation omitted); *Gardner v. Aloha Ins. Servs.*, 566 F. App'x 903, 906 (11th Cir. 2014). Indeed, the court specifically cautioned Plaintiff Herring that it would not consider any earlier-filed version of the complaint and that the only issues before the court would be those raised in the amendment. (Doc. 41, at 11 & n.4). Because Plaintiff Herring failed to include any individual claims in the second amended complaint, the court thus concludes that he is due to be dismissed as a party plaintiff and that all of his claims be dismissed with prejudice.

## IV.  Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that Plaintiffs' motion to amend (Doc. 45) be GRANTED and that the pending motions to dismiss (Docs. 46 & 47) be GRANTED such that all claims of Sandra Ann Stokes are DISMISSED WITHOUT PREJUDICE and all claims of Charles Ted Herring are DISMISSED WITH PREJUDICE.

It is further ORDERED that, by August 18, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of August 2022.

/s/
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**